WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marguerite Assour,<br><br>    Plaintiff,<br><br>v.<br><br>Adecco,<br><br>    Defendant. | No. CV-12-00869-PHX-JAT<br><br>**ORDER** |

  Pending before the Court are: (1) Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 7) and (2) Plaintiff's Motion for Status (Doc. 12). The Court now rules on the Motions.

  On April 26, 2012, Plaintiff pro se filed a Complaint against Defendant. In her Complaint, Plaintiff alleges that:

> I was wrongly terminated for whistleblowing on the manager for unethical practices and including not being compensated for overtime. I worked at Amazon for two years without ever being put on lay off. After whistleblowing I was laid off on 1-12-2012. Want [sic] to be compensated for the pain and suffering that I had to go threw [sic] with a Manager who was intimidating and threatening.

  Plaintiff does not include any other allegations in her Complaint. Defendant now moves to dismiss the Complaint arguing that it does not state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8.

1 The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).

A complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.* Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

It is not clear from Plaintiff's complaint what legal theories she is asserting or the facts giving rise to those legal theories. While it is clear that Plaintiff believes she has been wrongfully terminated for whistleblowing, Plaintiff does not allege any of facts regarding her termination that would give Defendant fair notice of the grounds on which Plaintiff's claims rest. Moreover, it is possible that a claim for wrongful termination could arise from several federal and state statutes. In this case, it is not clear whether Plaintiff is attempting to sue Defendant under federal or state law or what the elements of any such claim would be. Further, although Plaintiff states that she was "wrongfully terminated," wrongful termination is legal conclusion that is not supported by the sparse facts alleged in Plaintiff's complaint.

In response to Defendant's Motion to Dismiss, Plaintiff asserts that she is "unable to understand the legal jargon in the motion," and that she has "tried to contact the court to get an explanation and there has not been anyone willing to help me do so."  (Doc. 8 at 2).  While the Court understands that it can be difficult to proceed with a lawsuit pro se, Plaintiff has chosen to file a lawsuit and must adhere to the rules attendant to such filing. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").  The Court cannot give Plaintiff legal advice or act in the capacity of her lawyer. *Pliler v. Ford*, 542 U.S. 225, 232 (2004) (requiring trial judges to explain the details of federal procedure or act as the pro se's counsel "would undermine district judges' role as impartial decisionmakers.").  Rather, it is Plaintiff's obligation to determine what her legal claims are and to state facts giving rise to such claims in order to give Defendant fair notice of the claims against it and the facts giving rise to such claims.

Plaintiff has filed several responses to Defendant's Motion to Dismiss and has attached various documents to those responses.  While Plaintiff may believe that those documents support her allegations in this case, Plaintiff has failed to explain the meaning of those documents and has failed to incorporate any pertinent facts from those documents into the allegations in her Complaint.

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

The Court will allow Plaintiff to file an amended complaint.  If Plaintiff chooses to file an amended complaint, Plaintiff must identify her legal theories and the facts giving rise to those theories. *See McHenry v. Renne,* 84 F.3d 1172, 1176, 1178 (9th Cir. 1996) (where complaint links plaintiffs' fact allegations to specific defendants, it [must also] inform defendants of the *legal* claims being asserted.") (emphasis in original).  The Complaint must set forth "who is being sued, for what relief, and on what theory, with

enough detail to guide discovery." *Id.* at 1177. Plaintiff is warned that, despite her pro se status, she must comply with the rules of this Court[1] and failure to do so could result in the dismissal of this case.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Status (Doc. 12) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within 30 days of the date of this Order. If Plaintiff does not file an amended complaint within 30 days of the date of this Order, this case will be dismissed without further notice and judgment will be entered accordingly.

Dated this 9th day of July, 2013.

James A. Teilborg
Senior United States District Judge

---

[1] This includes the Federal Rules of Civil Procedure and the District Court of Arizona's Local Rules of Civil Procedure. The District's Rules may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/.

- 4 -